COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                               SUPREME JUDICIAL COURT
                                           FOR SUFFOLK COUNTY
                                           NO: BD-2020-082

IN RE: Lynne A. Saben

ORDER OF TERM SUSPENSION

This matter came before the Court, Wendlandt, J., on a Petition for Reciprocal Discipline pursuant to S.J.C. Rule 4:01, § 16, filed by the Board on December 30, 2020 with a certified copy of the State of New Hampshire Supreme Court suspension order.

On December 30, 2020, an Order of Notice issued and was served on the lawyer in the manner specified in S.J.C. Rule 4:01, § 21, directing the lawyer to inform the Court within thirty (30) days why the imposition of the identical discipline would be unwarranted in the Commonwealth of Massachusetts.

Having received no response from the lawyer, on March 10, 2020, an Order of Notice issued and was served on the lawyer in the manner specified in S.J.C. Rule 4:01, § 21, directing the lawyer to appear at a hearing before the Court scheduled for April 13, 2021 at 10 AM via Zoom video conference.

On April 13, 2021, the day of the scheduled hearing, the

1

lawyer and Office of Bar Counsel jointly filed a Waiver of Hearing and Assent to Entry of Order.

Upon consideration thereof, it is ORDERED that:

1. Lynne A. Saben is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of one year, effective date retroactive to December 9, 2020, the date of the suspension order in New Hampshire. The lawyer, after the entry of this Order, shall not accept any new retainer or engage as a lawyer for another in any new case or legal matter of any nature.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice of withdrawal effective immediately with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b) resign effective immediately all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or

2

beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been suspended; that the lawyer is disqualified from acting as a lawyer after the effective date of the suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f) refund any part of any fees paid in advance that have not been earned; and

  g) close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in the lawyer's possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

  3. Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

  a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts, tribunals and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

  b) a schedule showing the location, title and account number of every bank account designated as an IOLTA,

Judicial Court for Suffolk County:

    a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

    b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    c) the residence or other street address where communications to the lawyer may thereafter be directed.

5. The lawyer's reinstatement to the practice of law in the Commonwealth of Massachusetts shall be conditioned upon the lawyer's reinstatement to the practice of law in New Hampshire.

By the Court, (Wendlandt, J.)

/s/ Maura S. Doyle
Maura S. Doyle, Clerk

Entered: April 20, 2021

A True Copy
Attest:
4-20-20
Date
Assistant Clerk

6